IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIIVISION

| | |
|---|---|
| RUBEN VIQUE ARNOLD, AN §<br>INCAPACITATED PERSON b/n/f §<br>SARA ARNOLD §<br>    Plaintiffs §<br>§<br>v. §<br>§<br>THE TEXAS SCHOOL FOR §<br>THE DEAF §<br>    Defendants § | CIVIL ACTION NO. 1:10-cv-00814 |

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** Ruben Vique Arnold, An Incapacitated Person by and through his next friend and natural sister, Sara Arnold, collectively named Plaintiffs herein, by and through their attorneys of record, Martin J. Cirkiel of the law firm of Cirkiel & Associates, P.C., and Michael Zimmerman, Esq. of the Zimmerman Law Firm, and bring this their *Original Complaint* alleging that the Texas School for the Deaf (hereinafter referred to as "TSD") violated the various rights of Ruben Arnold, as more specifically pled herein. Plaintiffs reserve the right to replead this *Original Complaint* if new claims and issues arise upon further development of the facts. In support thereof, Plaintiffs would respectfully show the following:

**I. INTRODUCTION AND BRIEF REVIEW OF THE CASE**

1. This is a case about a Ruben Vique Arnold who is now forty-five (45) years old. He is legally deaf and has the mental capacity and maturity of a young person. His sign-language skills are very, very primitive.

2. He was placed at the Texas School for the Deaf when he was a child. This environment was unsafe, was not supervised correctly, and permitted other residents to sexually molest

        students that were weaker than themselves. Ruben was one such student who sexually assaulted by other students.

3.     Like other young men who were sexually assaulted at a young age, he repressed the memory. But his inability to process these traumatizing events was due not only to his limited communication skills, but also due to his limited mental capacity and compromised and diminished mental health state. Recently, he was in a mental hospital and during treatment he finally shared the events of over thirty years ago.

4.     It is because of this and other failures that Plaintiffs bring suit against the Texas School for the Deaf for violation of Ruben's civil rights pursuant to the 14th Amendment to the United States Constitution as contemplated by 42 U.S.C. §§1983 and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794a ("Rehabilitation Act") *et seq.* Such equitable and remedial actions pursuant to these civil rights acts include but are not limited to damages, compensatory services, costs, reimbursement of out-of-pocket expenses, attorney fees and costs, as well as other forms of equitable relief.

## II. JURISDICTION

5.     Jurisdiction is conferred upon this Court pursuant to 28 U.S.C.A. §§ 1331 and 1343 because the matters in controversy arise under the Fourteenth Amendment to the United States Constitution and the laws of the United States as noted above, as well as Section 504 of the Rehabilitation Act of 1973 .

6.     Finally, this Court has jurisdiction to award attorneys fees and costs to the Plaintiffs pursuant to the civil rights acts, Section 504 of the Rehabilitation Act of 1973 and 42 U.S.C §2000d et seq.

### III. VENUE

7. Under 28 U.S.C. § 1391, venue is proper before this Court because the events and omissions giving rise to the Plaintiff's claims occurred in the Western District of Texas.

### IV. PARTIES

8. Ruben Vique Arnold was born on September 15, 1965. He currently lives with his elderly mother at 25515 Dunnes, San Antonio, Texas 78264. He is a citizen of the State of Texas, and was, at all pertinent times pertinent to this cause, a student at the Texas School for the Deaf. It is uncontroverted that he is considered a "person with a disability," as defined by the Rehabilitation Act.

9. In addition, Sara Arnold, his natural sister, lives at P.O. Box 2621, Litchfield Park, Arizona 85340 and is solely in this cause in her capacity as next friend ("a/n/f") for her brother.

10. Defendant Texas School for the Deaf is a school for children who are deaf or hearing impaired. The Texas School for the Deaf is located at 1102 S. Congress Ave., Austin, Texas 78704, and may be served through its current superintendent, the Honorable Ms. Claire Bugan.

### V. FACTUAL BACKGROUND

11. Ruben was born on September 15, 1965 and entered the TSD on or about September 11, 1974. He is incapable of speech but can make some unintelligible sounds. In 1974 he was administered the *Vineland Social Maturity Scale* and was noted to have a functional age of about 5.8 years old, though the tester believed the results were inflated as mother had answered most of the questions about and for Ruben.

12. The *Leiter International Performance Scale* was also administered which denoted an IQ of 54, showing that he functioned in the borderline range of intelligence which satisfies criteria for a designation of *Mental Retardation*. In February of 1976, another test was given and he tested at an IQ of 69.

13. Ruben is described as a child in a man's body. He likes to watch cartoons, read comic books, and play with toys. He can go to the bathroom on his own and change his own clothes. He has never had a romantic relationship and apparently has no interest in dating.

14. Ruben is not exactly sure how old he was when he was first raped by another student at the TSD. He does remember that the first assault was by a large African-American student who had big muscles and was much older and bigger than he was. He can show in a picture that this person crawled into his bed, punched him, turned him around, pulled his pants down and anally raped him. Ruben reports he tried to fight the other boy off but he was too big and strong.

15. Ruben remembered that something wet and sticky came out of his rear and that it smelled bad. He remembers reporting the problem to the house supervisor (he thinks Randy). Randy told him not to tell anyone and that if he did, Randy would light Ruben up with gasoline. Ruben wanted Randy to call his mother, but Randy would not.

16. Ruben was raped on at least one another occasion, this time by two other residents. They also punched him and raped him. Ruben remembers that they bragged to everyone they had assaulted him. Again Ruben told Randy, and he also told another staff member named Al about the assault. They both told him not to tell anyone. He remembers having a hard time walking after he was raped.

17. In and around 1980 Ruben refused to return to the TSD after a visit home.

18. The TSD failed to have policies, procedures, practices and customs in place to assure staff were trained in reporting child abuse and that students were free from sexual assaults.

19. The TSD failed to have policies, procedures, practices and customs in place to assure staff were sufficiently supervised in regard reporting child abuse and that students were free from sexual assault.

20. A few years later Ruben had his first inpatient treatment for mental health services at the Austin State Hospital. Since the early 1980's he has continued to receive outpatient mental health services, with his psychoactive medications prescribed through the community mental health and mental retardation system. He has had at least three (3) other inpatient mental health admissions as an adult.

21. In or around November of 2009 he had his first outcry that he had been sexually assaulted when he was a child at the TSD.

## VI. PROCEDURAL RESUME

22. The Texas School for the Deaf has a history a previous history of abuse and neglect of students at the school. In fact, there are a number of legal cases, similar to the kinds of problems pled by Mr. Arnold.

23. Specifically in 1986 the Texas Legislature authorized payments from the Texas Crime Victims Compensation Fund in the following filed causes; *Cooper, et al. v. Texas School for the Deaf, et al.*, Cause No. 84-CA-037 (U.S.D.C. Tex., filed January 5, 1984)[$500,00]; *Parks, et al. v. Texas School for the Deaf, et al.*, Cause No. 84-CA-421

(U.S.D.C. Tex., filed July 18, 1984)[$1,100,000); and *Cruz, et al. v. Gates, et al.*, Cause No. 84-CA-428 (U.S.D.C. Tex., removed July 23, 1984)[$600,000] and also for James, Karen & Chris Pogue [$100,00] and Stella & John Lerma [$200,00].

24. In those cases and other facility personnel were found to be deficient in their duties regarding supervision of the facility and assuring the students were kept safe from sexual assault.

### VII. CLAIMS FOR RELIEF PURSUANT TO THE REHABILITATION ACT OF 1973

25. Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth.

26. Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 and its implementing regulations require that each state that receives disbursements, including the state's political subdivisions such as local school districts, must ensure all students with disabilities are given appropriate and necessary accommodations, pursuant to federal law and rules. To the degree that a policy or practice hinders honest consideration of a disabled child's unique needs, and fails to accommodate that child's disability, or keep the child safe and free from abuse, it violates Section 504.

27. Plaintiffs assert that because the Defendant has failed to keep Ruben Arnold safe from sexual abuse, and failed to provide him an environment that was not hostile, such failures as noted above, have, together and separately, also contribute to violating his rights under Section 504, federal rules and regulations promulgated pursuant thereto.

## VIII. STATE ACTION

28. Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth.

29. The TSD was at all times and in all matters acting under color of state law when they permitted Plaintiff to be subjected to the wrongs and injuries set forth herein.

30. In addition, the TSD receives funds from the federal government, thus the TSD is required to follow the requisites of Section 504 of the Rehabilitation Act of 1973.

31. In addition, the TSD is a policy-maker for itself. As such, it has acted under color of law for the purposes of formulating the policies, practices, procedures and customs for the school district during the events made the basis of this litigation.

## IX. STATE-CREATED DANGERS AND DUTIES

32. Plaintiffs incorporate by reference all the above related paragraphs above with the same force and effect as if herein set forth.

33. Ruben Arnold is a person with a disability and was receiving services at the TSD. As such, the services he received at the school created a "special relationship" and duty between the TSD and Ruben Arnold.

34. At all pertinent times, such acts and omissions of the TSD increased the likelihood of danger and physical harm to Ruben Arnold and constituted a dangerous environment, and comprising a state-created danger in violation of the Fourteenth Amendment of the Constitution of the United States, for which Ruben Arnold seeks recovery pursuant to 42 U.S.C. §1983.

## X. CLAIMS PURSUANT TO 42 U.S.C. §1983 AND THE 14th AMENDMENT TO THE U.S. CONSTITUTION

35. Plaintiffs incorporate by reference all the above related paragraphs with the same force and effect as if herein set forth.

36. The TSD acting under color of law and acting pursuant to their customs and policies, deprived Ruben Arnold of rights and privileges secured to him by the Fourteenth Amendment to the United States Constitution and by other laws of the United States.

37. Further, it deprived Ruben Arnold of his right to life, liberty and bodily integrity guaranteed under the United States Constitution, for which the TSD is liable to him pursuant to 42 U.S.C. §1983 for compensatory monetary damages.

## XI. UNCONSTITUTIONAL POLICIES, PROCEDURES , PRACTICES & CUSTOMS

38. Plaintiffs incorporate by reference all the above related paragraphs above with the same force and effect as if herein set forth.

39. Plaintiffs contend that these failures of the TSD to have policies, procedures, practices and customs in place to protect Ruben Arnold from a known and inherent dangerous environment, violates the Fourteenth Amendment to the Constitution of the United States for which he seeks recovery pursuant to 42 U.S.C. § 1983.

40. Plaintiffs contend that these failures of the TSD to have policies, procedures, practices and customs in place to assure staff was correctly trained, so as to protect Ruben Arnold from a known and inherent dangerous situation, violates the Fourteenth Amendment to the Constitution of the United States for which Plaintiffs seek recovery pursuant to 42 U.S.C. § 1983.

41. Plaintiffs contend that these failures of the TSD to have policies, procedures, practices

and customs in place to assure staff was correctly supervised, so as to protect Ruben Arnold from a known and inherent dangerous situation, violates the Fourteenth Amendment to the Constitution of the United States for which Plaintiffs seek recovery pursuant to 42 U.S.C. § 1983.

42. Based upon the operative facts, such acts and omissions rise to the level of deliberate indifference, constituting a violation of the Fourteenth Amendment to the Constitution of the United States, and for which the Plaintiff seeks recovery pursuant to 42 U.S.C. §1983.

## XII. RATIFICATION

43. Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth.

44. The TSD ratified the acts, omissions and customs of school district personnel and staff.

45. As a result the TSD is responsible for the acts and omissions of staff persons who were otherwise responsible for the safety of Ruben Arnold.

## XIII. PROXIMATE CAUSE

46. Plaintiffs incorporate by reference all the above related paragraphs with the same force and effect as if herein set forth.

47. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, jointly and severally, constitute a direct and proximate cause of the injuries and damages set forth herein.

## XIV. <u>DAMAGES</u>

48. Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth.

49. As a direct and proximate result of the Defendant's conduct, Ruben Arnold has suffered injuries and damages, for which he is entitled to recover herein within the jurisdictional limits of this court, including but not limited to:

   a. Physical pain in the past;

   b. Medical expenses in the past;

   c. Mental anguish in the past;

   d. Mental anguish in the future;

   e. Mental health expenses in the past;

   f. Mental health expenses in the future;

   g. Physical impairment in the past, and

   h. Various out-of-pocket expenses incurred but for the acts and omissions of the Defendants.

## XV. <u>LIMITATIONS</u>

50. Plaintiffs reasonably believe that Defendant's will argue that all or part of Ruben Arnold's cause of action is barred by the affirmative defense of limitations. .

51. In response Plaintiffs claim the affirmative defense tolling theory of unsound mind and the discovery rule. Further, that Defendant is barred from claiming such a defense pursuant to other theories of equitable tolling.

## XVI. <u>ATTORNEY FEES</u>

52. Plaintiffs incorporate by reference all the above related paragraphs, as if fully set forth herein

53. It was necessary for Plaintiffs to retain the undersigned attorneys to file this lawsuit. Upon judgment, Plaintiffs are entitled to an award of attorney fees and costs pursuant to 42 U.S.C. §1988(b) and 42 U.S.C. §794a pursuant to 42 U.S.C. § 2000d et seq.

## XVI. <u>DEMAND FOR JURY TRIAL</u>

54. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a jury trial for all issues in this matter.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray for judgment against the Defendants, in the manner and particulars noted above, and in an amount sufficient to fully compensate them for the elements of damages enumerated above, judgment for damages, recovery of attorneys' fees and costs for the preparation and trial of this cause of action, and for its appeal if required, pursuant to 42 U. S.C. § 1988 and the pendant state and common law claims; together with pre- and post-judgment interest, and court costs expended herein, punitive damages and for such other relief as this Court in equity, deems just and proper.

Respectfully submitted,

Cirkiel & Associates, P.C.

By: /s/ Martin J. Cirkiel
Mr. Martin J. Cirkiel, Esq.
State Bar No. 00783829
Mr. Christopher Bennett, Esq.
State Bar No.: 24069367
1901 E. Palm Valley Blvd.
Round Rock, Texas 78664
(512) 244-6658 [Telephone]
(512) 244-6014 [Facsimile]
marty@cirkielaw.com [Email]

Mr. Michael Zimmerman, Esq.
State Bar No. 22271400
The Zimmerman Law Firm
3501 W. Waco Drive
Waco, Texas 76710
(254) 752-9688 [Telephone]
(254) 752-9680 [Facsimile]
mzimmerman@thezimmermanfirm.com [Email]

**ATTORNEYS FOR THE PLAINTIFFS**