# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# —AUSTIN DIVISION—

| | | |
|---|---|---|
| RUBEN VIQUE ARNOLD, an incapacitated person b/n/f SARA ARNOLD, | § § § | |
| Plaintiff, | § § | |
| v. | § § | A-10-CV-814 LY |
| TEXAS SCHOOL FOR THE DEAF, VIRGIL FLATHOUSE, in his individual and official capacity, and RANDY DOE, in his individual and official capacity, | § § § § § § | |
| Defendants. | § | |

## REPORT & RECOMMENDATION

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Texas School for the Deaf's Motion to Dismiss Plaintiff's First Amended Complaint, filed April 30, 2011 (Clerk's Doc. No. 24), Plaintiff's Response to Defendant's Motion to Dismiss, filed May 11, 2011 (Clerk's Doc. No. 25), and Defendant Texas School for the Deaf's Reply to Plaintiff's Response to Defendant's Motion to Dismiss, filed May 20, 2011 (Clerk's Doc. No. 26).  District Court Judge Lee Yeakel referred these pleadings to the undersigned Magistrate Judge for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

The Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant's Motion and **DISMISS** those claims brought by Plaintiff against the Texas School for the Deaf under the Rehabilitation Act and the Mentally Retarded Persons Act of 1977.

## I.  BACKGROUND

This case is brought by Sara Arnold on behalf of her brother, Ruben Vique Arnold, an incapacitated person.  The Plaintiffs allege that Mr. Arnold was placed at Texas School for the Deaf in 1974, and that while there he was sexually assaulted by other students.  Pls.' Amend. Compl. ¶¶ 2-3, 17, 19-21.  The Plaintiffs claim that the sexual assaults sustained by Mr. Arnold would not have occurred had the Defendants kept him safe.  *Id.* at ¶ 4.  The Plaintiffs claim that the Defendants failed to have policies, procedures, practices, and customs in place to assure the proper reporting of sexual assaults and to protect residents from sexual assaults.  *Id*. at ¶ 26.  The Plaintiffs further claim that this hindered the needs of Mr. Arnold, a disabled person, in violation of the Rehabilitation Act and the Texas Mentally Retarded Persons Act of 1977.  *Id.* at ¶¶ 35-36, 59.  Defendant Texas School for the Deaf now moves the Court to dismiss the action for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on the basis of the State's Eleventh Amendment Immunity.

## II.  LEGAL STANDARD

A party may move for dismissal of a case for lack of subject matter jurisdiction.  FED. R. CIV. P. 12(b)(1).  A motion to dismiss for lack of subject matter jurisdiction must be considered before any other challenge.  *See Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter ... is inflexible

and without exception."); *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (court must find jurisdiction before determining validity of claim). On a Rule 12(b)(1) motion, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *MDPhysicians & Assocs., Inc. v. State Board of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992).

### III.  ANALYSIS

**A.  Claims Brought Under the Rehabilitation Act**

The Plaintiffs cannot bring suit against the Texas School for the Deaf under the Rehabilitation Act. The Eleventh Amendment limits the jurisdiction of a federal court to hear an individual's lawsuit brought against a state unless the state consents or Congress authorizes such a lawsuit under Section 5 of the Fourteenth Amendment. U.S. CONST. AMENDS. XI & XIV; *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976). A suit against a state agency is also barred when suit would be barred against the state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Although Congress abrogated the States' Eleventh Amendment immunity from suits brought under the Rehabilitation Act in 1986, that abrogation was only effective for violations occurring after October 21, 1986. 42 U.S.C. § 2000d-7.

In this case, Congress's abrogation of Texas's Eleventh Amendment immunity had not taken effect at the time of the alleged violations, and the Plaintiffs' claims are therefore barred. The Plaintiffs allege violations of the Rehabilitation Act that occurred before 1980. Pls.' Amend. Compl. ¶¶ 19-22. Furthermore, the Texas School for the Deaf is an agency of the State

of Texas. TEX. EDUC. CODE § 30.051(a). As such, it enjoys the same Eleventh Amendment immunity afforded to the State of Texas. That immunity was abrogated by Congress only for violations of the Rehabilitation Act that occurred after 1986. Because the alleged violations of the Rehabilitation Act occurred before that time, the District Court does not have jurisdiction over the Plaintiffs' Rehabilitation Act claims against the TSD, and those claims should be dismissed.

The Plaintiffs argue that their claims under the Rehabilitation Act are not subject to the Eleventh Amendment because rather than money damages they are seeking only equitable relief. Pls.' Resp. to Def.'s Mot. Dismiss ¶¶ 16-18. Indeed, *Ex Parte Young* established the principle that the Eleventh Amendment does not preclude suits against States for injunctive relief. 209 U.S. 123 (1908). Here, the Plaintiffs seek equitable relief in the form of the provision of remedial services for Mr. Arnold "including, but not limited to: a. complete individualized educational assessment; b. full psychological battery; c. individual counseling; d. group counseling; e. psychosocial services; f. residential care services; g. adaptive technology services; h. sign language services; i. neuropsychiatric services; j. neuropsychological services; and k. a hearing assessment." Pls.' Amend. Compl. ¶ 62. But the Plaintiffs cannot circumvent the jurisdictional bar to suit simply by characterizing their requested relief as equitable rather than money damages—equitable relief is equally barred by the Eleventh Amendment when it resembles a money judgment. *Edelman v. Jordan*, 415 U.S. 651, 666-68 (1974). If a judgment were ultimately entered against TSD in this case and it were ordered to provide the remedial services requested, the State of Texas would ultimately have to pay for those services directly out of its treasury. This is not the sort of prospective equitable relief enjoining a state officer from

unconstitutional activity that is free of the Eleventh Amendment's bar to suit, and the Plaintiffs are unable to maintain their claims against the Texas School for the Deaf in federal court.

### B. Claims Brought Under the Mentally Retarded Persons Act of 1977

In their Response to Defendant's Motion to Dismiss, the Plaintiffs state that they "don't disagree with Defendant [Texas School for the Deaf's] assertion that claims under the Texas Mentally Retarded Persons Act are barred by the Eleventh Amendment . . . . Plaintiffs thus do not oppose dismissal of their Mentally Retarded Persons Act claims against TSD." At. 7. These claims should now be dismissed.

### IV. RECOMMENDATION

The Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Clerk's Doc. No. 24) as to the Texas School for the Deaf and **DISMISS** the Texas School for the Deaf from the lawsuit.

### V. WARNING & OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings

and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 22nd day of June, 2011.

ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE